ALIEX PAPPILLION            CIVIL ACTION

VERSUS            NO. 19-117-SDD-EWD

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.

## ORDER

Before the Court is a "Motion to Reconsider Permission to Proceed *in Forma Pauperis*"[1] filed by Plaintiff Aliex Pappillion ("Plaintiff"), which requests that this Court reconsider its Order[2] denying Plaintiff's Motion to Proceed *in Forma Pauperis*.[3] This Court previously found that the following cases filed by Plaintiff had been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim: *Aliex P. Pappillion v. Don Dixon, et al.*, 2:07-cv-2162 (W.D. La.); *Aliex Paul Pappillion v. Fred Clark, et al.*, 3:07-cv-0449 (M.D. La.); and *Aliex Paul Pappillion v. Warden Tete, et al.*, 2:10-0559 (W.D. La.).[4] Based upon this finding, the Court denied Plaintiff permission to proceed *in forma pauperis* pursuant to the "three-strikes" provision of 28 U.S.C. § 1915(g).[5]

Plaintiff avers that *Aliex P. Pappillion v. Don Dixon, et al.*, 2:07-cv-2162 (W.D. La.) ("the Don Dixon matter") and *Aliex Paul Pappillion v. Warden Tete, et al.*, 2:10-cv-0559 (W.D. La.) (the Tete matter") should not count as strikes because they were issued in error.[6] Plaintiff contends that the Don Dixon matter should not count as a strike because, though most of Plaintiff's claims

---

[1] R. Doc. 4.
[2] R. Doc. 3.
[3] R. Doc. 2.
[4] R. Doc. 3, p. 2.
[5] R. Doc. 3.
[6] R. Doc. 4, p. 1.

were dismissed with prejudice,[7] his claims for excessive force against Mitchell D. Sawyer and Jeffrey Atkins were dismissed without prejudice pursuant to the doctrine enunciated in *Heck v. Humphrey*.[8] Plaintiff's contention is that if any claim is dismissed without prejudice, the dismissal should not count as a strike. Plaintiff contends the Tete matter should not count as a strike because Plaintiff's claims were meritorious.[9]

With respect to the Tete matter, this Court, in reviewing whether a dismissal should count as a strike, does not function as an appellate court to second guess determinations of other district courts. The entire Tete matter was dismissed with prejudice "as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. 1915(e)(2)(b)."[10] This dismissal functions as a strike.[11]

With respect to the Don Dixon matter, though this Court has previously recognized that dismissals without prejudice may count as a strike,[12] however, courts do not always count a dismissal that is, in part, without prejudice as a strike. Further, a review of the Judgment entered in the Don Dixon matter demonstrates that it is unclear whether the dismissal of a portion of Plaintiff's claims pursuant to *Heck* and without prejudice was made pursuant to § 1915 or simply dismissed as premature.[13] Because it is unclear whether the entire Don Dixon matter was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B),

---

[7] *Aliex P. Pappillion v. Don Dixon, et al.*, 2:07-cv-2162, R. Docs. 20, p. 10 & 22 (W.D. La. Oct. 5, 2009).
[8] 512 U.S. 477 (1994).
[9] R. Doc. 4, p. 9.
[10] *Aliex Paul Pappillion v. Warden Tete, et al.*, 2:10-cv-0559 R. Docs. 7 & 9 (W.D. La.).
[11] *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463-64 (5th Cir. 1998) ("An unappealed dismissal as frivolous is unquestionably a strike within the meaning of § 1915(g).").
[12] *Buckenberger v. Louisiana DPS & C*, Civil Action No. 15-732, 2016 WL 707024 at *3 (M.D. La. Feb. 22, 2016); *see also Padilla v. Watkins*, 491 Fed.Appx. 484 (5th Cir. 2012).
[13] *Aliex P. Pappillion v. Don Dixon, et al.*, 2:07-cv-2162, R. Docs. 20 & 22 (W.D. La. Oct. 5, 2009).

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Permission to Proceed *in Forma Pauperis*[14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's May 24, 2019 Order[15] denying Plaintiff's Motion to Proceed *in Forma Pauperis*[16] is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*[17] is **GRANTED** for the purpose of service of process by the United States Marshals Service, as provided in Rule 4(c)(3) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*[18] is **GRANTED** for the purpose of the filing fee. However, in accordance with 28 U.S.C. § 1915(b), all prisoners granted *in forma pauperis* status are assessed and are required to pay the full amount of the Court's filing fee ($350.00).[19] Plaintiff is required to pay an initial partial filing fee and, thereafter, prison officials are required to forward monthly payments from Plaintiff's inmate account(s) until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Order, Plaintiff shall make an initial partial filing fee in the amount of **$32.63** to the Clerk of this Court or this action may be dismissed. It is Plaintiff's responsibility to pay the initial partial filing fee. The prison will NOT forward payment of the initial partial filing fee without Plaintiff's written authorization.

**IT IS FURTHER ORDERED** that Plaintiff shall make monthly payments of twenty (20) percent of the preceding month's income credited to his inmate account(s) until he has paid the

---

[14] R. Doc. 4.
[15] R. Doc. 3.
[16] R. Doc. 2
[17] R. Doc. 2.
[18] R. Doc. 2.
[19] Although there is an additional $50.00 administrative fee associated with the filing of civil actions in the federal courts, this fee is not assessed where pauper status is granted under 28 U.S.C. § 1915.

3

total filing fee of $350.00. The monthly amount shall automatically be collected from Plaintiff's account(s) and forwarded to the Court without further action by Plaintiff.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect the monthly amount from Plaintiff's inmate account(s) and shall forward same to the Clerk of Court for the Middle District of Louisiana each time that the amount collected exceeds $10.00, until the $350.00 filing fee is paid.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail, or deliver by electronic means, a copy of this Order to Plaintiff, and to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections.

Signed in Baton Rouge, Louisiana, on December 6, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**